This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LONA ENGLETT,**

Worker-Appellant,

**v.**                                              **No. 32,195**
                                                   **(consolidated with No. 32,262)**

**BEE HIVE ASSISTED LIVING and**
**CHURCH MUTUAL INSURANCE**
**COMPANY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

James Rawley
Albuquerque, NM

for Appellant

Paul Koller
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Summary reversal was proposed for the reasons stated in the notice of proposed summary disposition. No memorandum opposing summary reversal has been filed and the time for doing so has expired.

For the reasons set forth in our notice of proposed summary disposition filed October 5, 2012, we REVERSE the workers' compensation judge's denial of Worker's motion for reconsideration. Further, we remand with instructions to the workers' compensation judge that unless a sanction should be applied pursuant to NMSA 1978, Section 52-1-54(F)(3) (2003) (governing employer's offers), Worker's attorney fees should have been split equally between Worker and Employer/Insurer. Subsection (F)(3) provides that "if the employer's offer was greater than the amount awarded by the compensation order, the employer shall not be liable for his fifty percent share of the attorney fees to be paid the worker's attorney[.]" However, in the case at bar, Employer's offer was not greater than the amount awarded to Worker, and therefore it did not obtain a more favorable result. Thus, the default provision in Section 52-1-54(J) applies.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**J. MILES HANISEE, Judge**